UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20107-CIV-GAYLES

VICTOR GONZALEZ-GUZMAN,

    Plaintiff,

v.

METROPOLITAN LIFE INS. CO.,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon Defendant MetLife's Motion to Dismiss Amended Complaint [ECF No. 31]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND[1]

On October 1, 2005, Plaintiff Victor Gonzalez-Guzman ("Plaintiff") obtained a disability insurance policy (the "Policy") from Defendant MetLife ("Defendant"). In the event Plaintiff became totally disabled, and therefore unable to work, the Policy provided that Plaintiff would receive $5,350 in monthly benefits until he reached the age of 65.

Sometime in late 2009 or early 2010, Plaintiff's health began to deteriorate. According to his treating physicians, Plaintiff suffered from, among other things, fibromyalgia. On June 4, 2010, Plaintiff resigned from his employment due to his "medical and personal condition." [ECF No. 30]. In July 2010, Plaintiff submitted a claim to Defendant for his disability benefits under

---

1    The Court takes the allegations from the Complaint [ECF 1] as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). "Although analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto, a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *Starship Enter. of Atlanta, Inc. v Coweta County, Ga.,* 708 F.3d 1243, 1252, n. 13 (11th Cir. 2013).

the Policy. On December 8, 2010, Defendant denied Plaintiff's claim. Plaintiff appealed, and on December 21, 2010, Defendant denied the appeal.

Sometime thereafter, Plaintiff retained an attorney to challenge Defendant's decision. On May 23, 2012, the parties attended a mediation conference at Plaintiff's attorney's office. Defendant had an agent at the conference ("Defendant's Agent"). Plaintiff alleges that during the mediation, outside of the presence of his attorney, Defendant's Agent told him that she could call the FBI and accuse him of insurance fraud and that his insurance contract was a nullity. Despite these alleged threats, Defendant's Agent offered Plaintiff a $100,000 advance payment and purportedly stated that she would continue to investigate Plaintiff's claim. Plaintiff alleges that he then left the room to discuss the advance payment with his attorney, who encouraged him to accept the settlement. That same day, Plaintiff signed a Settlement Agreement.

The Settlement Agreement provides in pertinent part:

1. For and in consideration of the payment of One Hundred Thousand dollars ($100,000) . . . [Plaintiff] hereby releases, discharges and acquits [Defendant] . . . from any and all "Claims and Causes of Action[]" . . . which [Plaintiff] may have . . . which arose out of or are in any matter whatsoever, directly or indirectly, connected with or related to (a) [the Policy]; and (b) any act, omission, transaction, dealing, conduct or negotiation of any kind whatsoever by [Defendant or Defendant's agents] . . . in connection with or related to the Policy.

2. [Plaintiff] hereby acknowledges that the payment of the sum referred to above represents payment for his claim for disability income benefits. The payment constitutes full satisfaction and discharge of all of the Claims and Causes of Action[]. In connection, [Plaintiff] warrants, represents and agrees that the sole consideration for executing the Settlement Agreement and Release (the "Agreement") and for releasing said Claims and Causes of Action is the payment of said sum.

8. . . . [Plaintiff] understands and agrees that this Agreement shall not be subject to any claim of mistake of fact, duress, lack of mental capacity to execute the Agreement, or fraud and that it expresses the FULL, COMPLETE AND FINAL SETTLEMENT AND RELEASE of any and all claims relating to the Policy. Further, the release given herein by

> [Plaintiff] shall be and remain in effect as a full, complete and final release notwithstanding the discovery of any such different or additional facts.
>
> [PLAINTIFF] ACKNOWLEDGES THAT HE HAS READ THIS SETTLEMENT AGREEMENT AND RELEASE AND THAT HE FULLY KNOWS, UNDERSTANDS AND APPRECIATES ITS CONTENTS, AND THAT HE EXECUTES THE SAME AND MAKES THE SETTLEMENT PROVIDED FOR HEREIN VOLUNTARILY AND OF HIS OWN FREE WILL.

[ECF No. 27-1]. Both Plaintiff and his counsel signed the Settlement Agreement as certified by a notary public. Plaintiff alleges that he received a gross payment of $100,000, of which his counsel received $42,000.

On January 9, 2017, Plaintiff, proceeding *pro se*, filed this action against Defendant asking the Court to rescind the Settlement Agreement and enforce the Policy.[2] The Court granted Defendant's Motion to Dismiss without prejudice, permitting Plaintiff, now represented by counsel, to file an Amended Complaint. On July 10, 2017, Plaintiff filed his First Amended Complaint setting forth claims for (1) Breach of Contract (relating to the Policy); (2) Declaratory Relief (relating to the Policy); (3) Declaratory Relief seeking Rescission of the Settlement Agreement; (4) Fraudulent Misrepresentation (relating to the mediation conference and Settlement Agreement); and (5) Fraud in the Inducement (relating to the mediation conference and Settlement Agreement).[3] Defendant has moved to dismiss arguing that all of Plaintiff's claims are time barred. In response, Plaintiff argues that the applicable statutes of limitations should be tolled and that Defendant should be prevented from raising such a statute of limitations defense. In particular, Plaintiff claims that he relied on Defendant's purported representations, made in advance of the written Settlement Agreement, that it would continue to investigate

---

2   Plaintiff filed the same Complaint in 2016 in a lawsuit that was dismissed without prejudice. *See* 16-cv-24592-KMM. For the Court's statute of limitations analysis, Plaintiff's prior action is irrelevant. *See McBride v. Pratt & Whitney*, 909 So. 2d 386, 388 (Fla. 1st DCA 2005) ("[T]here exists a well-established line of authority in civil cases holding that, when an action is dismissed, the statute of limitations is not tolled during the period that the dismissed action was pending; rather, the statute will run as if the dismissed action had never been filed.").

3   In Count Six, Plaintiff pled a "Demand for Punitive Damages." However, in his response to the Motion to Dismiss, Plaintiff concedes that a demand for punitive damages is not a cause of action. *See* ECF No. 32.

Plaintiff's claims for an additional six months. As a result, Plaintiff contends that the statutes of limitations did not begin to run until six months after he signed the Settlement Agreement, and that, therefore, his claims are timely. The Court disagrees.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant–unlawfully–harmed me accusations." *Id*. (alteration added)(quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## ANALYSIS

### I. Statute of Limitations

Statutes of limitations exist "to prevent the litigation of stale claims – claims as to which the defense may be hampered because of passage of time, lost evidence, faded memories, or disappearing witnesses. . . ." *Justice v. United States*, 6 F.3d 1474, 1482 (11th Cir. 1993).

Where the "allegations [of the Complaint], on their face, show that an affirmative defense bars recovery on the claim," dismissal is appropriate under Rule 12(b)(6). *Cotton v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) ("a statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under [Rule]12(b)(6) . . . when the complaint shows on its face that the limitations period has run . . . .").

It is undisputed that, without tolling, all of Plaintiff's claims are time-barred. The statute of limitations for Plaintiff's claims relating to a breach of the Policy (Counts I and II) is five years. *See* Fla. Stat. § 95.11(2). Defendant denied the appeal of Plaintiff's claim under the Policy on December 21, 2010. Accordingly, the time for Plaintiff to file an action for Counts I and II expired on December 21, 2015. The statute of limitations for Plaintiff's claims for rescission of the settlement agreement, fraudulent misrepresentation, and fraud in the inducement (Counts III, IV, and V) is four years. *See* Fla. Stat. § 95.11(3)(j),(l). Plaintiff's rescission and fraud claims stem from the mediation, and subsequent Settlement Agreement, on May 23, 2012. Accordingly, the time for Plaintiff to file an action for Counts III, IV, and V expired on May 23, 2016.

Recognizing that his claims are time barred, Plaintiff argues that the statutes of limitations should be tolled under Florida Statute § 95.051(1)(f), which provides that the running of the statute of limitations is tolled by "payment of any part of the principal or interest of any obligation or liability founded on a written instrument." Fla. Stat. § 95.051(1)(f). In addition, Plaintiff argues that the doctrine of equitable estoppel should operate to bar Defendant's statute of limitations defense. Plaintiff bases his arguments on Defendant's alleged misrepresentation at the mediation conference that the $100,000 payment was not a full settlement and that it would

continue to investigate Plaintiff's claim. Plaintiff's self-serving allegations are belied by the unambiguous and plain language of the Settlement Agreement.

The Settlement Agreement clearly states that the $100,000 payment was for full satisfaction of Plaintiff's claims and that Plaintiff released Defendant for any further claims. Plaintiff signed the Settlement Agreement, is bound by its terms, and cannot now say that he did not understand it. *See Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1341 (S.D. Fla. 2011) ("Parties who sign contracts will be bound by them regardless of whether they have read them or understood them.") (quoting *MCC-Marble Ceramic Center, Inc. v. Ceramica Nuova d'Agostino, S.p.A.,* 144 F.3d 1384, 1387 n.9 (11th Cir. 1998)).

Plaintiff attempts to argue that Defendant's purported oral representation that it would continue to investigate the claim negates the terms of the Settlement Agreement and, at a minimum, estops Defendant from asserting a statute of limitations defense. This argument is without merit. Plaintiff cannot rely on alleged oral statements to avoid the statute of limitations, when the oral statements are contradicted by the unambiguous Settlement Agreement. Indeed, "Florida courts have found that claims for fraud were barred when the alleged misrepresentation explicitly contradict[s] an unambiguous provision in a written contract." *Id.* (citing *Wilson v. Equitable Life Assurance Soc'y,* 622 So. 2d 25, 28 (Fla. 2d DCA 1993)); *see also Altenel, Inc. v. Millennium Partners, L.L.C.*, 947 F. Supp. 2d 1357, 1369 (S.D. Fla. 2013) ("[A]llowing Plaintiffs to proceed with fraud claims contradicted by a subsequent agreement is to invite contracting parties to make agreements . . . and then avoid them simply by taking the stand and swearing that they relied on some other statement.") (internal quotation and citation omitted). Further, any evidence Plaintiff would seek to admit regarding Defendant's oral misrepresentations would be barred by the parol evidence rule. *See Silver*, 760 F. Supp. 2d at 1342 ("parol evidence cannot be admitted to create an ambiguity where none otherwise exists.");

*Acquisition Corp. of America v. Federal Deposit Ins. Corp.*, 760 F. Supp. 1558 (S.D. Fla. 1991) ("It is undisputed that parol evidence may not be introduced to vary or contradict the unambiguous terms of a contract."). In short, Plaintiff cannot rely on Defendant's alleged oral misrepresentations to evade the statutes of limitations for his claims.[4]

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant MetLife's Motion to Dismiss Amended Complaint [ECF No. 31] is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of October, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Defendant moved to dismiss based only on its statute of limitations defense. But, as detailed above, Plaintiff's fraud claims – even if they had been timely filed – would fail to state a claim as they are belied by the Settlement Agreement. *See Altenel*, 947 F. Supp. 2d at 1369 (holding that where a fraud claim is based on oral misrepresentations that are contradicted by a later written agreement, it is appropriate to dismiss at the pleading stage).